**Julio de Villa LIPAT, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–74048.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2009.

Filed Oct. 16, 2009.

Charles E. Nichol, Law Offices of Charles E. Nichol, San Francisco, CA, for Petitioner.

Jamil Jaffer, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Huge G. Mullane, Esquire, Stacy Stiffel Paddack, Elizabeth Young, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,* District Judge.

MEMORANDUM **

Julio de Villa Lipat, a native and citizen of the Philippines, seeks review of the denial of his application for cancellation of removal on the ground that he engaged in persecution. *See* 8 U.S.C. §§ 1229b(c)(5),

---

* The Honorable Lyle E. Strom, Senior U.S. District Judge for District of Nebraska, sitting by designation.

1231(b)(3)(B)(i). The Board of Immigration Appeals ("BIA") adopted the decision of the Immigration Judge ("IJ") insofar as the IJ held that Lipat was ineligible for cancellation of removal because he engaged in persecution of others as a member of the Philippine National Police. *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994).

Substantial evidence supports the IJ's conclusion that Lipat engaged in acts of persecution. The record reflects petitioner's participation in serious physical abuse of arrestees including smothering them in wet towels.

Lipat also challenges the IJ's denial of a continuance for processing Lipat's visa application, but this issue was not raised before the BIA so we lack jurisdiction to consider it. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). Moreover, the petitioner offers no compelling reason for granting the continuance in view of the delay in filing the application.

The petition for review is denied.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.